UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **LAKESHA NEWMAN** | |
| Plaintiff, | |
| v. | |
| **LUMARK TECHNOLOGIES, INC.**<br>11325 Random Hills Road, Suite 320<br>Fairfax, VA 22030 | Civil Action No. 1:20-cv-1348 |
| <u>Serve</u>:  Registered agent:<br>J. Patrick McMahon<br>2100 Reston Parkway, Suite 325<br>Reston, VA 20191 | |
| | TRIAL BY JURY DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW, the Plaintiff, Lakesha Newman ("**Ms. Newman**" or "**Plaintiff**"), by and through his undersigned counsel and moves this Honorable Court for judgment against the Defendant, Lumark Technologies, Inc. ("**Lumark**" or "**Defendant**"), on the grounds and praying for the relief hereinafter set forth:

### Parties

1. Plaintiff at all times relevant hereto was a resident of the Commonwealth of Virginia.

2. Defendant is legal entity registered and operating in the Commonwealth of Virginia. Lumark's principle office address is located at 11325 Random Hills Road, Suite 320, Fairfax, VA 22030.

### Jurisdiction and Venue

3. This action is brought by Plaintiff for damages and injunctive relief on account of

Defendant's violations of the Americans With Disabilities (the "ADA") by failing to accommodate, discrimination, and, retaliation Plaintiff as prohibited by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

4. In addition, this action is brought for interference and retaliation in violation of the Family Medical Leave Act (the "FMLA"), 29 U.S.C. § 2611 *et seq*.

5. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 *et seq*.

6. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) and (d).

7. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

   a. On or around November 14, 2019, Plaintiff filed a charge ("**Charge**") with the United States Equal Employment Opportunity Commission ("**EEOC**") alleging disability discrimination, failure to accommodate, and retaliation.

   b. The Charge was timely filed with the EEOC within three hundred (300) days from the latest date of discrimination relative to this matter.

   c. On August 11, 2020, the EEOC issued Plaintiff a notice of dismissal and notice of his right to sue ("Notice of Right to Sue."), which was received shortly thereafter.

   d. The Complaint in this matter was filed with this Court within ninety (90) days from the receipt of the Notice of Right to Sue.

8. Plaintiff satisfied and was eligible for coverage pursuant to the FMLA 29 U.S.C. § 2611.

   a. At the time of Plaintiff's request for FMLA leave, Plaintiff was a full time employee for at least 12 months in the past seven years.

    b. Plaintiff had worked at least 1,250 hours in the prior 12 months when she requested FMLA leave.

    c. Defendant had 50 or more employees when Plaintiff requrested FMLA leave.

    d. Defendant was a covered employer for FMLA purposes.

    e. Plaintiff was approved by Lumark for FMLA leave.

## Statement of Facts

9. Plaintiff has been employed by Lumark in Fairfax County, Virginia, as an administrative assistant since on or around October 11, 2016.

10. Plaintiff was terminated on or about January 14, 2019.

11. Plaintiff was employed for approximately two years prior to her termination.

12. Plaintiff informed her employer through VP Robert Plumb (also her direct supervisor) that she was pregnant.

13. She informed him when she was approximately 3 months pregnant.

14. Plaintiff spoke with Christiana Fagan about her need for FMLA leave and to begin the paperwork process.

15. Plaintiff was approved for FMLA leave in November 2018.

16. Plaintiff began to experience health problems during her pregnancy.

17. On October 26, 2018, Plaintiff was put on immediate bed rest and was instructed by her doctor not to work during that time.

18. Defendant was informed of this medical issue underlying the complications with her pregnancy.

19. Defendant understood and Plaintiff to be disabled as of October 26, 2018.

20. Specifically, Christina Fagan ("Ms. Fagan") was informed and instructed Plaintiff that

Lumark would abide by the doctor's orders.

21. Plaintiff's daughter was born November 24, 2018.

22. Defendant was informed about the birth of Plaintiff's child.

23. Plaintiff began her FMLA leave until she was terminated by phone on January 14, 2019.

24. Plaintiff received a letter as well regarding her termination indicating that she was being terminated alleging that Lumark was eliminating the position.

25. However, the function of the position was not eliminated.

26. Plaintiff's position was administrative assistant, which including an assortment of office tasks and assistance.

27. These duties were moved to new personnel and consolidated, but not eliminated.

28. These role and responsibility just went to a new individual who is not the Plaintiff.

29. While employed with Defendant, Plaintiff had positive performance reviews.

30. Plaintiff did not have any history of misconduct or disciplinary action.

31. Plaintiff was an exemplary employee for Defendant.

32. Plaintiff was a still on FMLA leave when she was terminated.

33. This is not the first time Defendant has eliminated an employee on FMLA leave.

34. Shelita Maldonado, one of Plaintiff's former supervisors, was also pregnant at the time of her termination from Defendant.

35. At all times after October 2018, that gave rise to Plaintiff's bed rest and pregnancy complications, Defendant was on notice of Plaintiff's disability.

36. Defendant initially indicated that Plaintiff had exhausted her leave; however, changed position to indicate elimination of the position, which was the ultimate position they put in her termination letter.

37. As an initial matter, Plaintiff still had FMLA leave that was not exhausted; however, she was also eligible for a reasonable accommodation of additional leave as a result of her disability.

38. Defendant decided not to deal with that issue further and wrongfully terminated her.

39. As a result of these actions, Plaintiff, a new mother who had just overcome pregnancy complications, was improperly fired, and forced to endure a tremendous amount of stress and hardship.

40. As a result of Defendant's Violations of the ADA and FMLA, Plaintiff has suffered and will continue to suffer, including, but not limited to, loss of back pay, loss of front pay, severe mental anguish, stress, pain and suffering.

41. Due to the severity of Defendant's conduct and pattern and practice of such behavior, Plaintiff is also entitled to punitive damages.

**COUNT I**
**Failure to Accommodate in Violation of**
**the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.**

42. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

43. Plaintiff had a disability that substantially impaired her ability to work.

44. Plaintiff provided Defendant with notice of this disability on several occasions, and Defendant was aware of the disability.

45. Amongst others, Plaintiff requested to be permitted to stay on bedrest, extend her leave, and/or perform part-time work.

46. When faced with this request, Defendant pivoted positions from saying she had exhausted her leave to indicating that the position was being eliminated and that she was terminated.

47. Defendant did not engage in or discuss these options with Plaintiff.

48. Defendant was dismissive of Plaintiff's request.

49. Plaintiff's request was reasonable under the circumstances; however, Defendant did not engaged in the interactive process.

50. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

51. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that she has suffered lost back pay, front pay, and will continue to suffer, including, but not limited to, severe mental anguish, stress, pain and suffering.

52. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to is damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

53. In acting as alleged herein, Defendants acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at trial.

54. As a result of Defendants' acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

**COUNT II**
**Retaliation and Wrongful Discharge in Violation of**

**the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.**

55. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full. Defendant is a business affecting commerce and employing at least twenty (20) people.

56. Plaintiff has a disability that substantially impairs her ability to work.

57. Plaintiff provided Defendant with notice of this disability on several occasions.

58. Plaintiff's request and discussion for accommodations regarding here disability were protected activities.

59. Subsequently, Plaintiff was almost immediately terminated on January 14, 2019.

60. By their acts and omissions alleged herein, Defendants intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected her status as an employee on the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

61. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

62. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

63. In acting as alleged herein, Defendants acted maliciously, willfully, despicably, and

oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

64. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit, and, pre and post judgement interest.

## COUNT III
### Discrimination in Violation of
### the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.

65. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

66. Plaintiff employment was terminated due to her disability and/or Defendants' perception that Plaintiff was disabled.

67. As a proximate result Defendants' discrimination against Plaintiff on the basis of her disability and/or record or perception of disability, Plaintiff has suffered and continues to suffer a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, future earnings, and expenses, in an amount to be proven at trial.

68. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

69. In acting as alleged herein, Defendants acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to

recover punitive damages from Defendant in amounts to be proved at trial.

70.     As a result of Defendants' acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

## COUNT IV
## Retaliation in Violation of
## the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

71.     The Plaintiff restates, re-pleads, and incorporates by reference each and every allegation set forth above.

72.     Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

73.     At the time of her leave, Plaintiff had been employed by Defendant for approximately two years.

74.     Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to her taking medical leaves of absence.

75.     Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of the location where Plaintiff was employed.

76.     Plaintiff requested, and was subsequently granted FMLA qualifying leave, as a result of her pregnancy and pregnancy complications, which constitutes a serious health condition within the meaning of the FMLA.

77.     Plaintiff was entitled to leave pursuant to the FMLA and Defendant was not permitted to retaliate against Ms. Gray for exercising her rights under the FMLA.

78.     Defendant retaliated against Plaintiff by failing to reinstate her to the same or equivalent position, and instead terminating Plaintiff for taking FMLA-qualifying leave.

79.     This termination occurred while she was still on FMLA leave.

80. Defendant's conduct was intentional, willful, purposeful, deliberate, and with knowledge that such conduct was in violation of the FMLA.

81. Plaintiff has suffered severe anguish, stress, and emotional distress as a result of the Defendant's actions.

82. As a direct and proximate cause of Defendant, Plaintiff suffered numerous damages including but not limited to, lost wages, employment benefits, bonuses, other compensation, costs, and reasonable attorney's fees.

83. Defendant acted in bad faith and Plaintiff is entitled to liquidated damages as a result.

## COUNT V
### Interference in Violation of the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

84. The Plaintiff restates, re-pleads, and incorporates by reference each and every allegation set forth above.

85. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

86. As an eligible employee who exercised leave under the FMLA, Plaintiff was entitled to be restored to the same or an equivalent position upon returning from her leave.

87. Defendant interfered with Plaintiff's FMLA rights by not permitting her to continue on FMLA and ultimately, terminating her, and, failing to reinstate her to the same or equivalent position upon her return to work.

88. Plaintiff was never restored to her position or to an equivalent position.

89. Instead, Plaintiff was terminated.

90. As such, Plaintiff was denied the benefit of reinstatement to the same or equivalent position upon her return to work, which she was entitled to under the FMLA.

91. Defendant's conduct was intentional, willful, purposeful, deliberate, and with knowledge that such conduct was in violation of the FMLA.

92. Plaintiff has suffered severe emotional distress as a result of the Defendant's actions.

93. As a direct and proximate cause of Defendant, Plaintiff suffered numerous damages including but not limited to, lost wages, employment benefits, bonuses, other compensation, costs, and reasonable attorney's fees.

94. As a result of Defendant's actions, Plaintiff is entitled to liquidated damages.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on his behalf against Defendant;

B. Award Plaintiff compensatory damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest;

F. Declare that Defendant's conduct is in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., and Title VII of the Civil Rights Act of 1964.;

G. Declare that Defendant's conduct is an interference or retaliation of the Family Medical Leave Act, 29 U.S.C. § 2611 *et seq*.

H. Order that Defendant be prohibited from continuing to maintain its illegal policy, practice or custom of failing to accommodate and to engage in the interactive process to further rights afforded to individuals who exercise or who attempt to exercise their rights under

the ADA;

I. Order that Defendants be required to promulgate an effective policy against such discrimination and to adhere thereto; and,

J. Grant such other relief as this Court may consider just and proper.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By Counsel

/s/ Dirk McClanahan
Dirk McClanahan (VSB No. 81208)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: dmcclanahan@mcplegal.com
*Counsel for Plaintiff*